■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO MALAVE, Appellant. [700 NYS2d 827] —Judgment, Su-

preme Court, Bronx County (Edward Davidowitz, J.), rendered February 24, 1995, convicting defendant, after a jury trial, of manslaughter in the second degree and criminal possession of a weapon in the second degree, and sentencing him to consecutive terms of 5 to 15 years and 2 to 6 years, respectively, unanimously affirmed.

The court properly exercised its discretion in denying defendant's belated mistrial motion made on the ground that the People had attempted to elicit precluded testimony, since defendant's objection was sustained before the witness had an opportunity to answer the question, and since the court's prompt curative instructions prevented any prejudice. None of defendant's remaining claims of prosecutorial misconduct are preserved for review, since he either failed to object, made only unelaborated objections, or failed to request any further relief after the court sustained the objection or issued a curative instruction, and we decline to review them in the interest of justice. Were we to review these claims, we would find no basis for reversal (*see, People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976; *People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884), particularly in light of the court's curative instructions and the overwhelming evidence of defendant's guilt.

The imposition of consecutive sentences was appropriate, since defendant first used the weapon to intimidate his victims, and then, after being urged on by a friend, shot the deceased (*see, People v Salcedo*, 92 NY2d 1019). We perceive no abuse of sentencing discretion. Concur—Ellerin, J. P., Saxe, Buckley and Friedman, JJ.