THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL ROWE, Appellant. [707 NYS2d 27] —Judgment, Supreme

Court, New York County (John Bradley, J.), rendered September 21, 1994, convicting defendant, after a jury trial, of manslaughter in the first degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, and sentencing him to a term of 8⅓ to 25 years on the manslaughter conviction, to run consecutively to a term of 5 to 15 years on the second-degree weapon conviction and concurrently with a term of 2⅓ to 7 years on the third-degree weapon conviction, unanimously affirmed.

We reject defendant's contention that the sentence for manslaughter cannot run consecutively to the sentence for criminal possession of a weapon in the second degree. An individual in possession of an operable loaded weapon for an extended period of time may have harbored the intent to use the weapon unlawfully against another in the period of time prior to shooting someone with it (*see, People v Salcedo*, 92 NY2d 1019, 1022). Indeed, "possession of an unlicensed, loaded firearm is presumptive evidence of intent to use it unlawfully against another (Penal Law § 265.15 [4] [other citations omitted])" (*People v Gibbs*, 254 AD2d 209, *lv denied* 92 NY2d 1049; *see also, People v Williams*, 235 AD2d 267, *lv denied* 89 NY2d 1042). The evidence showed that defendant had been carrying the loaded weapon around for months prior to the shooting. There was every reason to conclude that defendant had harbored an intent to use the gun unlawfully on another, although not on this particular victim, well in advance of the interaction leading up to his shooting of the victim (*see, People v Pons*, 68 NY2d 264 [even where shooting was justified, weapon possession conviction upheld because defendant could have had the intent to use the gun unlawfully in the period of time prior to the shooting]; *People v Steward*, 213 AD2d 570; *compare, People v Sturkey*, 77 NY2d 979 [defendant obtained unlawful possession of gun simultaneously with his use of it for robbery, thus the two crimes were intertwined, since his intent to use gun unlawfully was simultaneous with the intent to commit the robbery]).

We have considered and rejected defendant's remaining contentions. Concur—Rosenberger, J. P., Nardelli, Ellerin, Saxe and Buckley, JJ.