■ The People of the State of New York, Respondent, v Elvis Rodriguez, Also Known as Kelvin Cruz, Appellant. [714 NYS2d 267] —Judgment, Supreme Court, Bronx County (Ira Globerman, J.), rendered February 10, 1998, convicting defendant, after a jury trial, of murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him to consecutive terms of 25 years to life and 5 to 15 years, respectively, unanimously affirmed.

Defendant's contention that the court was obligated to resubmit the case to the jury in accordance with CPL 310.50 (2)

after the jury foreperson's initial announcement of a purported verdict that was not in accordance with the court's instructions is unpreserved (*see, People v Satloff*, 56 NY2d 745), and we decline to review it in the interest of justice. Were we to review this claim, we would find that no such submission was required. CPL 310.50 (2) requires resubmission of a case to the jury only where its intention with respect to individual counts is uncertain (*People v Robinson*, 45 NY2d 448). Here, the record clearly establishes that the foreperson merely misspoke in the first instance and immediately corrected his mistake. The polling of the jury reconfirmed the jury's intention to convict defendant of intentional murder while acquitting him of depraved-indifference murder.

Contrary to defendant's argument, the imposition of consecutive sentences was proper since before killing his victim defendant had already performed one or more completed acts of criminal possession of a weapon in the second degree. Defendant removed from his car trunk the loaded firearm, which he had already possessed with presumptive intent to use unlawfully against unspecified others (Penal Law § 265.15 [4]) for an unknown length of time, fired the weapon at the victim outside a club, and then reloaded and fired at the door of the club (*see, People v Salcedo*, 92 NY2d 1019, 1021; *People v Malave*, 268 AD2d 363, *lv denied* 95 NY2d 799; *People v Fernandez*, 262 AD2d 170, *lv denied* 93 NY2d 1017). By this time, at the very least, defendant had committed a completed act of second-degree weapon possession. Defendant then initiated a separate and distinct act when he entered the club and fired several more shots into his victim, who had fallen to the floor, and thereby killed him. We perceive no abuse of sentencing discretion. Concur—Nardelli, J. P., Ellerin, Wallach, Lerner and Friedman, JJ.