THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHONG T. LE, Appellant. [716 NYS2d 189] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), assault in the first degree (Penal Law § 120.10 [1]) and criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]). Defendant failed to preserve for our review his contention that the identification evidence is legally insufficient to support the conviction (*see, People v Gray,* 86 NY2d 10, 19). In any event, the victim's identification of defendant is legally sufficient to establish that defendant was the perpetrator (*see, People v Rivera,* 275 AD2d 802; *see also, People v Lambert,* 272 AD2d 413, *lv denied* 95 NY2d 867). Also contrary to defendant's contention, the evidence is legally sufficient to establish defendant's intent to kill. There is a valid line of reasoning and permissible inferences that could lead a rational person to the conclusion that, when defendant swung the machete at the victim, defendant did so with an intent to kill (*see, People v Bleakley,* 69 NY2d 490, 495). Contrary to defendant's contention, the People need not establish that defendant had a motive to kill the victim (*see, People v Hales,* 272 AD2d 984).

We also reject defendant's contention that the verdict is against the weight of the evidence. Although a different finding would not have been unreasonable, it cannot be said that the jury failed to give the evidence the weight it should be accorded (*see, People v Bleakley, supra,* at 495). The jury was entitled to disbelieve the testimony of defendant's brother, who attempted to provide defendant with an alibi (*see, People v Toledo,* 270 AD2d 805, *lv denied* 95 NY2d 858; *see also, People v Burks,* 227 AD2d 905, *lv denied* 88 NY2d 981).

Defendant further contends that errors in Supreme Court's jury charge require reversal. We disagree. Viewed as a whole, the court's charge on identification "adequately conveyed to the jury the proper legal standards to be applied" (*People v Nelson,* 266 AD2d 317, *lv denied* 94 NY2d 865; *see, People v Coleman,* 70 NY2d 817, 819). Nor was the court required to inform the jury that it could render a partial verdict. After a short period of deliberations, the jury asked the court what would happen if they were unable to reach a unanimous verdict on one count. A

court has three options when a jury indicates its inability to agree on one or more charges (*see,* CPL 310.70 [1]; *see also,* 1 CJI[NY] 42.62, at 1021). Contrary to defendant's contention, where, as here, the court is satisfied that there is a reasonable possibility of ultimate agreement, the court may refuse to accept a partial verdict and may order the jury to resume its deliberations on the entire case (*see,* CPL 310.70 [1] [b] [ii]; *see also,* 1 CJI[NY] 42.62, at 1023-1024). Furthermore, the court properly administered an *Allen* charge to the jury (*see, Allen v United States,* 164 US 492), which was neither unbalanced nor coercive (*see, People v Woods,* 262 AD2d 668, 668-669, *lv denied* 94 NY2d 831).

We further reject the contention of defendant that he was denied a fair trial based on prosecutorial misconduct. The alleged misconduct did not deny defendant due process of law (*see, People v Hess,* 234 AD2d 925, *lv denied* 90 NY2d 1011; *People v Rubin,* 101 AD2d 71, 77, *lv denied* 63 NY2d 711). Defendant failed to preserve for our review his contention that there were errors in the interpreter's translation (*see, People v Smith,* 197 AD2d 373, *lv denied* 82 NY2d 903; *People v Hatzipavlou,* 175 AD2d 969, *lv denied* 79 NY2d 827), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). The sentence is neither unduly harsh nor severe. (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.—Attempted Murder, 2nd Degree.) Present—Pine, J. P., Hayes, Wisner, Kehoe and Lawton, JJ.