■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID SELL, Appellant. [725 NYS2d 486] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of murder in the second degree (Penal Law §§ 20.00, 125.25 [1]), reckless endangerment in the first degree (Penal Law §§ 20.00, 120.25), and criminal possession of a weapon in the second degree (Penal Law former § 265.03) and sentencing him to consecutive terms of incarceration aggregating 43½ years to life. He contends that Supreme Court erred in denying his *Batson* challenge to the prosecutor's exercise of

a peremptory strike during jury selection; that the court erred in denying his motion to discharge an impaneled juror; that the sentence is illegal insofar as the terms were made to run consecutively; that the sentence is unduly harsh or severe; that the court erred in allowing the People to amend the indictment to set forth a theory of accessorial liability; that the charge on accessorial liability diminished the People's burden of proof; that there is insufficient evidence of defendant's intent to kill; and that defendant was deprived of a fair trial by cumulative error.

The court did not err in denying defendant's *Batson* challenge. The explanation offered by the People—that the prospective juror had revealed himself to be a glib or unserious person—is race-neutral and not pretextual (*see, People v Hinds,* 270 AD2d 891, 892, *lv denied* 95 NY2d 964; *People v Diaz,* 269 AD2d 766, *lv denied* 95 NY2d 852; *see generally, People v Sprague,* 280 AD2d 954). The findings of the trial court, which was in the best position to view the prospective juror's demeanor, are to be accorded great deference (*see, People v Hernandez,* 75 NY2d 350, 356-357, *affd* 500 US 352; *People v Carelock,* 278 AD2d 851, *lv denied* 96 NY2d 757; *People v Ricks,* 269 AD2d 851, *lv denied* 94 NY2d 952).

The court properly denied defendant's motion to discharge an impaneled juror who had contacted the court following his selection to disclose that he had served eight years as a Town Justice at least 10 years earlier. The juror had not revealed that fact during his voir dire; he subsequently stated that he had forgotten it until after he had left court that day. When questioned by the court and counsel, the juror repeatedly assured the court that nothing in his background, including his service as a Town Justice, would affect his ability to be impartial. In moving to discharge the juror, defense counsel expressly stated that he was not relying upon any statutory basis for removal under CPL 270.35. Instead, defense counsel stated that, if he had known earlier of the juror's background, he would have exercised a peremptory challenge. Defendant's present contention—that the juror was grossly unqualified to serve—is therefore unpreserved for our review. In any event, that contention has no merit. That the juror had served as a Town Justice 10 years earlier constituted no basis for discharging him (*see,* Judiciary Law § 510; *see also,* L 1995, ch 86 [repealing numerous occupational disqualifications and exceptions set forth in the Judiciary Law]). The record establishes that the juror revealed his prior service as a Town Justice as soon as he remembered it and recognized its significance. Fur-

ther, he was forthright in response to subsequent questioning on the matter. He thus did not engage in "misconduct of a substantial nature" (CPL 270.35 [1]; *see, People v DeJohn,* 239 AD2d 184, 185, *lv denied* 90 NY2d 904; *cf., Matter of Mikel v Mark,* 249 AD2d 993, *lv dismissed in part and denied in part* 92 NY2d 873; *People v Robertson,* 217 AD2d 989, *lv denied* 86 NY2d 846). In addition, the juror stated unequivocally that he could render an impartial verdict, and thus he was not grossly unqualified to serve (*see, People v Buford,* 69 NY2d 290, 298-299; *cf., People v Cook,* 275 AD2d 1020).

The term of incarceration imposed on the count of criminal possession of a weapon in the second degree was properly ordered to run consecutively to those terms imposed on the murder and reckless endangerment counts. Possession with intent to use the weapon unlawfully was an act separate and distinct from the actual use of the weapon to kill one victim and to endanger the life of another. Moreover, before pulling the trigger, defendant had formed the intent to use the weapon for the unlawful purpose of (at the least) intimidating various individuals. Therefore, the crime of criminal possession of a weapon in the second degree was completed before defendant fired the weapon, making him subject to consecutive terms (*see, People v Salcedo,* 92 NY2d 1019, 1021-1022; *People v Okafore,* 72 NY2d 81, 83; *People v Rodriguez,* 276 AD2d 326, 327; *People v Rowe,* 271 AD2d 217, 218; *People v Malave,* 268 AD2d 363, 364, *lv denied* 95 NY2d 799; *see generally, People v Mack,* 242 AD2d 543, 543-544, *lv denied* 91 NY2d 835). Similarly, with respect to the counts of murder and reckless endangerment, consecutive terms were authorized because defendant fired multiple shots, all of which endangered a surviving victim and at least one of which did not cause the other victim's death (*cf., People v Brathwaite,* 63 NY2d 839, 843; *People v Porter,* 256 AD2d 363, 364, *lv denied* 93 NY2d 976; *People v Saulters,* 255 AD2d 896, *lv denied* 92 NY2d 1038).

The contention of defendant that the evidence is legally insufficient to establish his intent to kill is not preserved for our review (*see, People v Finger,* 95 NY2d 894, 895; *People v Gray,* 86 NY2d 10, 19). In any event, that contention is lacking in merit. The jury reasonably could find intent to kill based upon the nature of the act and defendant's specific threat to kill (*see, People v Marzug,* 280 AD2d 974; *People v Phong T. Le,* 277 AD2d 1036; *People v Colon,* 275 AD2d 797, *lv denied* 95 NY2d 904; *People v Alexander,* 174 AD2d 996, *revd on other grounds* 80 NY2d 801; *see generally, People v Bleakley,* 69 NY2d 490, 495).

We have considered defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.—Murder, 2nd Degree.) Present—Pine, J. P., Wisner, Hurlbutt, Scudder and Kehoe, JJ.