■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MALIK THOMAS, Appellant. [786 NYS2d 513]—

Judgment, Supreme Court, Bronx County (Joseph Fisch, J., at hearing; Troy K. Webber, J., at jury trial and sentence), rendered April 12, 2002, convicting defendant of criminal possession of a weapon in the second degree and reckless endangerment in the first degree, and sentencing him to consecutive terms of 5 years and 1 to 3 years, respectively, unanimously affirmed.

The hearing court properly denied defendant's motion to suppress the statements he made on August 24, 2000. There was no custodial interrogation requiring *Miranda* warnings. Defendant was hospitalized for a gunshot wound he received on August 18, and in the days following his injury the police conducted several interviews that were brief, spaced many hours apart, and solely concerned with defendant's status as a shooting victim and the possible identification of his assailants. Defendant was unguarded and unrestrained in a hospital room he shared with others in which visitors were free to come and go and, as his condition allowed, he was free to leave or transfer to another hospital (*see People v Brown*, 295 AD2d 442 [2002], *lv denied* 99 NY2d 580 [2003]; *People v Ripic*, 182 AD2d 226, 231-232 [1992], *appeal dismissed* 81 NY2d 776 [1993]). Defendant was not placed under police guard until August 26, two days after he made the statements at issue. He freely spoke to his interviewers on August 24, who continued to speak to him as a complainant and not a defendant, and, although they mentioned that they had viewed a surveillance tape of the shooting, did nothing to suggest what was on the tape or that they did not believe his version of the incident. Defendant ultimately admitted that he had possessed and fired a weapon during the incident, but claimed self-defense. At the end of his final statement, defendant expressly acknowledged that he understood he was *not* under arrest.

We conclude that a reasonable innocent person in defendant's situation would not have considered himself to be in custody, even after he admitted that he possessed and fired a gun (*see Thompson v Keohane*, 516 US 99, 112 [1995]; *People v Yukl*, 25 NY2d 585 [1969], *cert denied* 400 US 851 [1970]). Defendant's statement was almost completely exculpatory, and under all the circumstances a reasonable person would have believed, at most, that the police were contemplating arresting him in the near future (which is what actually happened). Furthermore, there was no evidence that defendant's medical condition affected the voluntariness of his statement (*see People v Pearce*, 283 AD2d 1007 [2001], *lv denied* 96 NY2d 923 [2001]), and we conclude that voluntariness was established beyond a reasonable doubt. In any event, were we to find that the statements at issue should have been suppressed, we would find the error to be harmless in view of the overwhelming evidence of defendant's guilt, including the surveillance tape.

The court properly dismissed a juror based on her inability to concentrate due to severe financial hardship caused by her jury service, and due to her nephew's recent arrest (*see People v*

*Cook*, 275 AD2d 1020 [2000], *lv denied* 95 NY2d 933 [2000]). The court made a thorough inquiry, reserved decision, and observed the juror's demeanor as testimony continued. It later discharged her, noting for the record that it had observed that the juror was inattentive. The court's determination, based in part on its unique opportunity to observe the juror's demeanor, is entitled to great weight.

The court properly imposed consecutive sentences (*see People v Sell*, 283 AD2d 920, 922 [2001], *lv denied* 96 NY2d 867 [2001]; *People v Perez*, 278 AD2d 2 [2000], *lv denied* 96 NY2d 804 [2001]; *People v Rowe*, 271 AD2d 217, 218 [2000], *lv denied* 95 NY2d 870 [2000]).

Defendant's challenge to the court's justification charge is unpreserved and we decline to review it in the interest of justice. Concur—Nardelli, J.P., Andrias, Ellerin, Marlow and Sweeny, JJ.