THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANNETTE MONTSTREAM, Appellant. [804 NYS2d 154]—

Appeal from a judgment of the Niagara County Court (Peter L. Broderick, Sr., J.), rendered June 19, 2001. The judgment convicted defendant, upon her plea of guilty, of manslaughter in the first degree, criminal possession of a weapon in the second degree and criminal solicitation in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her, upon her plea of guilty, of manslaughter in the first degree (Penal Law § 125.20 [1]), criminal possession of a weapon in the second degree (§ 265.03), and criminal solicitation in the second degree (§ 100.10). Contrary to defendant's contention, the consecutive terms of incarceration imposed by County Court are not illegal. Consecutive sentences are appropriate where, as here, "separate offenses are committed through separate acts, though they are part of a single transaction" (*People v Brown*, 80 NY2d 361, 364 [1992]; *see People v Sell*, 283 AD2d 920, 922 [2001], *lv denied* 96 NY2d 867 [2001]). According to the statement of defendant made to the police, she asked her codefendant to kill her husband and was aware on the evening of the shooting that her codefendant was setting up a meeting with her husband to carry out the killing, and defendant did nothing to prevent the killing or to warn her husband. In addition, she was aware that her codefendant possessed a pistol with which he intended to kill her husband, and she admitted that she already knew that her husband was dead and knew where his body was located before the police arrived at her home to inform her that her husband was dead. Defendant also admitted that it was her idea to park the family's van, containing her husband's body, in the specific parking lot where the van was found. We note in addition that consecutive sentences are permitted for the crimes of criminal possession of a weapon in the second degree and manslaughter in the first degree committed by defendant herein because "[p]ossession with intent to use the weapon unlawfully [is] an act separate and distinct from the actual use of the weapon to kill [the] victim" (*Sell*, 283 AD2d at 922).

Contrary to the further contention of defendant, her waiver of the right to appeal was voluntary, knowing, and intelligent (*see People v Moissett*, 76 NY2d 909, 910-911 [1990]; *People v Ray*, 307 AD2d 754, 755 [2003], *lv denied* 100 NY2d 624 [2003]). The waiver encompasses the contention of defendant concerning the alleged factual insufficiency of the plea allocution (*see People v McKay*, 5 AD3d 1040 [2004], *lv denied* 2 NY3d 803 [2004]; *People v Carlton*, 2 AD3d 1353 [2003], *lv denied* 1 NY3d 625 [2004]; *People v Singletary*, 307 AD2d 779 [2003], *lv denied* 100 NY2d 599 [2003]). In any event, defendant failed to preserve that contention for our review (*see People v Lopez*, 71 NY2d 662, 665 [1988]), as well as her further contention that her plea was not voluntarily, knowingly, and intelligently entered (*see People*

*v Spivey*, 9 AD3d 886 [2004], *lv denied* 3 NY3d 712 [2004]). This case does not fall within the narrow exception to the preservation requirement (*see Lopez*, 71 NY2d at 666).

We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Green, Kehoe, Martoche and Lawton, JJ.