11-0802-pr
Montstream v. Superintendent

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of June, two thousand twelve.

PRESENT: JON O. NEWMAN,
CHESTER J. STRAUB,
GERARD E. LYNCH,
            *Circuit Judges.*

_____

ANNETTE MONTSTREAM,
            *Petitioner-Appellant,*

            v.                                                         No. 11-0802-pr

SUPERINTENDENT, Bedford Hills Correctional Facility,
BEDFORD HILLS CORRECTIONAL FACILITY,
            *Respondent-Appellee.*

_____

FOR APPELLANT:        ROBERT J. BOYLE, New York, New York.

FOR APPELLEE:         THOMAS H. BRANDT, Of Counsel, *for* Michael J. Violante, Niagara County District Attorney, Lockport, New York.

Appeal from the United States District Court for the Western District of New York (Richard J. Arcara, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Petitioner-appellant Annette Montstream ("Montstream") appeals the district court's dismissal of her petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Montstream pled guilty pursuant to a plea agreement entered in the County Court of the State of New York, Niagara County, to manslaughter in the first degree, pursuant to N.Y.P.L. §§ 20.00, 125.20(1); criminal possession of a weapon in the second degree, pursuant to N.Y.P.L. §§ 20.00, 265.03; and criminal solicitation in the second degree, pursuant to N.Y.P.L. § 100.10. All charges arose in connection with the death by gunshot of her husband, John Montstream. The indictment charged, and the plea agreement acknowledged, that Montstream solicited and helped plan the murder, and that co-defendant Michael Northrup possessed the weapon, which he used to shoot and kill John Montstream. In exchange for the dismissal of murder charges, Montstream agreed to be sentenced to 12 ½ to 25 years for first degree manslaughter, 6 ½ to 13 years for criminal possession of a weapon in the second degree, and 1 to 3 years for second degree criminal solicitation, the sentences to run consecutively.

Montstream appealed the sentence to the New York Supreme Court, Appellate Division, arguing that New York State's consecutive/concurrent sentencing statute

2

required sentences arising from "a single act or omission" to "run concurrently," N.Y.P.L. § 70.25(2), and that in this case the manslaughter, solicitation, and weapons possession charges all arose from a single act. The Appellate Division ruled that "[c]onsecutive sentences are appropriate where, as here, separate offenses are committed through separate acts, though they are part of a single transaction." People v. Montstream, 21 A.D.3d 1353, 1354 (4th Dep't 2005) (internal quotation marks omitted), lv. denied, People v. Montstream, 6 N.Y.3d 756 (2005).

Montstream thereafter sought habeas relief from the federal district court, arguing inter alia that the state court misapplied the state sentencing statute, and thereby violated her rights under the Double Jeopardy Clause of the Fifth Amendment of the U.S. Constitution. The district court accepted the magistrate judge's recommendation that "there was no error of New York state law, much less an error of federal constitutional magnitude," and dismissed the petition. On appeal, Montstream, inter alia, restates her double jeopardy argument. We assume familiarity with the facts and procedural history of the case.

On appeal, the parties sharply contest whether the state court erred, as a matter of New York law, by concluding that Montstream's sentence did not violate the New York concurrent/consecutive sentencing statute. Since this case's submission, however, the New York Court of Appeals appears to have resolved the question in Montstream's favor, concluding that N.Y.P.L. § 70.25(2) requires concurrent sentences when the intent element of the weapons possession charge coincides with a separately charged offense. People v. Wright, --- N.Y.3d ---, 2012 WL 1986517 (June 5, 2012).

The habeas jurisdiction of the federal courts, however, is not implicated simply because a state court may have erroneously applied state law. As the Supreme Court has repeatedly held, "federal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67 (1991), quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990). Under the statutory framework that governs our review of habeas petitions by state prisoners, the writ cannot issue unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d); see also Parker v. Matthews, --- S. Ct. ---, 2012 WL 2076341 at *5-*6 (June 11, 2012) (holding that the Sixth Circuit erred by granting habeas relief under an extension, rather than a direct application, of Supreme Court precedent). This standard presents habeas petitioners with a high barrier: the state court error must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 131 S. Ct. 770, 786–87 (2011).

Assuming arguendo that Montstream properly presented the federal issue, see Jackson v. Edwards, 404 F.3d 612, 618-21 (2d Cir. 2005), and that the Appellate Division's rejection of her argument therefore necessarily decided the issue against her, we cannot conclude that Supreme Court precedent clearly renders a state court's erroneous application of a state concurrent sentence statute a violation of the federal Double Jeopardy Clause. Ordinarily, the Double Jeopardy Clause prohibits multiple punishment "where the two offenses for which the defendant is punished . . . cannot

4

survive the 'same-elements' test" enunciated in <u>Blockburger v. United States</u>, 284 U.S. 299 (1932). <u>United States v. Dixon</u>, 509 U.S. 688, 696 (1993). Montstream does not contend, nor could she, that the consecutive sentences imposed on her violate that rule. The Supreme Court has also held, however, that consecutive sentences not authorized by Congress violate the Double Jeopardy Clause, <u>Whalen v. United States</u>, 445 U.S. 684, 689 (1980), and that the Clause is *not* violated when a legislature has "specifically authorize[d] cumulative punishment under two statutes," even when those statutes penalize the same offense under the <u>Blockburger</u> test, <u>Missouri v. Hunter</u>, 459 U.S. 359, 368-69 (1983). Citing these holdings, and language in these and other cases to the effect that "the question of what punishments are constitutionally permissible is not different from the question of what punishments the Legislative Branch intended to be imposed," <u>Albernaz v. United States</u>, 450 U.S. 333, 344 (1981), Montstream argues that any imposition of consecutive sentences that violates the New York concurrent sentence statute necessarily constitutes a federal Double Jeopardy violation.

Reasonable judges may well find that argument persuasive were the issue presented for de novo review. We cannot conclude, however, that rejection of that argument would be an unreasonable application of binding Supreme Court precedent. While the Supreme Court has held that multiple punishments that would be *prohibited* under <u>Blockburger</u> do not violate the Double Jeopardy Clause where the legislature intended to impose such punishments, we have not found, and the parties do not cite, any Supreme Court case holding that multiple punishments that would be *permissible* under

5

Blockburger are unconstitutional simply because they violate a state statute that gives broader protection against consecutive sentences than the federal Constitution requires. The Court has never held that state legislatures may expand federal constitutional protection against double jeopardy beyond what the Constitution itself provides. See Hunter, 459 U.S. at 368 (1983) ("We are bound to accept the Missouri court's construction of that State's statutes. However, we are not bound by the Missouri Supreme Court's legal conclusion that these two statutes violate the Double Jeopardy Clause, and we reject its legal conclusion.") ("internal quotation marks omitted); see also United States v. McLean, 287 F.3d 127, 136-37 (2d Cir. 2002) ("[T]here is no constitutionally cognizable right to concurrent, rather than consecutive, sentences.") (internal quotation marks omitted). It is at least a debatable question whether the Court would extend its holdings in Whalen, Hunter, and Albernaz in a manner that would turn every question of the interpretation of a state statute limiting consecutive sentences into a federal double jeopardy claim cognizable on habeas corpus.

Reasonable jurists may disagree about whether the Supreme Court's cases should be read to support Montstream's constitutional argument. There can be no dispute, however, that the Supreme Court itself has never clearly answered the question. It follows, therefore, that we must dismiss Montstream's petition. To the extent her sentences violate New York state statutory law, her remedy, if any, must lie with the state courts.

6

We have considered Montstream's remaining arguments, and find them to be without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court