■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CEDRIC MILES, Appellant. [732 NYS2d 765] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: On appeal from a judgment convicting him of manslaughter in the first degree (Penal Law § 125.20) as a lesser included offense of murder in the second degree (Penal Law § 125.25 [1]), criminal possession of a weapon in the second degree (Penal Law former § 265.03) and criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]), defendant contends that he was deprived of a fair trial by prosecutorial misconduct. We disagree. Many of the instances of alleged misconduct are unpreserved for our review, and we decline to exercise our power to review them as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). Those instances that are preserved for our review do not warrant reversal (*cf., People v Mott,* 94 AD2d 415, 418-419).

We agree with defendant, however, that Supreme Court erred in directing that the sentence imposed on the count charging criminal possession of a weapon in the second degree run consecutively to the sentence imposed on the lesser included offense of manslaughter in the first degree where, as here, there was no evidence of intent to intimidate the victim

separate from the intent to shoot him (*cf., People v Salcedo,* 92 NY2d 1019, 1021-1022). Thus, the judgment must be modified by providing that all sentences run concurrently. We further conclude that the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Supreme Court, Monroe County, Ark, J.—Manslaughter, 1st Degree.) Present—Pine, J. P., Scudder, Burns, Gorski and Lawton, JJ.