THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDDIE J. LINEN, Appellant. [773 NYS2d 330]—

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered April 12, 2001. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree (two counts) and assault in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: We reject the contention of defendant that County Court erred in rejecting his *Batson* objection to the prosecutor's exercise of a peremptory challenge (*see Batson v Kentucky*, 476 US 79 [1986]). The explanation of the prosecutor that the prospective juror would not make eye contact with him was race-neutral (*see People v Bodine*, 283 AD2d 979 [2001], *lv denied* 96 NY2d 898 [2001]; *People v Diaz*, 269 AD2d 766 [2000], *lv denied* 95 NY2d 852 [2000]), and the court's determination

that the explanation was not pretextual is entitled to great deference (*see People v Carelock*, 278 AD2d 851 [2000], *lv denied* 96 NY2d 757 [2001]). The court also properly denied defendant's motion to suppress the identification testimony of an eyewitness who identified defendant at a showup procedure conducted a few blocks away from the robbery and repeated that identification within minutes at the crime scene. "[T]he showup was reasonable under the circumstances—that is, . . . conducted in close geographic and temporal proximity to the crime—and the procedure used was not unduly suggestive" (*People v Brisco*, 99 NY2d 596, 597 [2003]). The sentence is not unduly harsh or severe. Present—Green, J.P., Pine, Scudder, Kehoe and Gorski, JJ.