THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARAMITHA HOLLAND, Appellant. [790 NYS2d 338]—

Appeal from a judgment of the Supreme Court, Erie County (Mario J. Rossetti, A.J.), rendered August 9, 2002. The judgment convicted defendant, upon a jury verdict, of manslaughter in the second degree and criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by directing that the sentences shall run concurrently and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting her, upon a jury verdict, of manslaughter in the second degree (Penal Law § 125.15 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [2]). Supreme Court properly determined that the People provided race-neutral explanations for exercising peremptory challenges with respect to two prospective jurors (*see generally Batson v Kentucky*, 476 US 79 [1986]). Moreover, the court's determination that the explanations were not pretextual is entitled to great deference (*see People v Linen*, 5 AD3d 1022, 1022-1023 [2004]).

Defendant's constitutional challenge to Penal Law § 70.25 (2) is lacking in merit (*see generally Apprendi v New Jersey*, 530 US 466 [2000]). Defendant's sentence is not unduly harsh or severe, and the court did not abuse its discretion in denying defendant's request for youthful offender status. We agree with defendant, however, that the court erred in directing that the sentence imposed on the count charging criminal possession of a weapon in the second degree run consecutively to the sentence imposed on the offense of manslaughter in the second degree because there was no separate evidence of intent to intimidate the victim (*see People v Miles*, 288 AD2d 877, 877-878 [2001], *lv denied* 97 NY2d 758 [2002]). Consequently, we modify the judgment by directing that the sentences shall run concurrently.

Finally, defendant failed to preserve her remaining contention for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Present—Pine, J.P., Hurlbutt, Scudder, Martoche and Lawton, JJ.