■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY L. RUDOLPH, Appellant. [791 NYS2d 253]—

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered November 8, 2002. The judgment convicted defendant, after a nonjury trial, of attempted murder in the first degree (two counts), assault in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree and resisting arrest.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by directing that the sentence imposed on count four of the indictment shall run concurrently with the sentence imposed on count one of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a nonjury trial of, inter alia, two counts of attempted murder in the first degree (Penal Law §§ 110.00, 125.27 [1] [a] [i]; [b]) and criminal possession of a weapon in the second degree (§ 265.03 [2]). While a police officer was attempting to put handcuffs on defendant, defendant pulled a loaded semiautomatic handgun from the pocket of his jacket and fired it in proximity to the officer's head. Another officer tackled defendant from behind and both men struggled to maintain control of the gun, which defendant pointed first at the officer's face and then held against the officer's chest before a third officer finally removed it from defendant's hand. Defendant moved to dismiss the counts charging him with the attempted murder of two police officers at the close of the People's case and again at the close of the proof. Defendant failed to specify alleged deficiencies in the proof, and therefore failed to preserve for our review his contention that the evidence is legally insufficient to support the counts of attempted murder (*see People v Gray*, 86 NY2d 10, 19 [1995]; *People v Harrison*, 2 AD3d 1454, 1455 [2003], *lv denied* 2 NY3d 740 [2004]; *see also People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]). In any event, the contention lacks merit, inasmuch as "there is [a] valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by [County Court] on the basis of the evidence at trial" (*People v Bleakley*, 69 NY2d 490, 495 [1987]).

We reject defendant's further contention that the court erred in imposing consecutive sentences for the counts of attempted murder. The attempts to shoot each officer were separate and distinct, and therefore the court did not improvidently exercise its discretion when it imposed consecutive sentences (*see* Penal Law § 70.25 [2]; *People v McCullough*, 283 AD2d 988, 988-989 [2001], *lv denied* 96 NY2d 941 [2001]). We agree with defendant, however, that the court erred in imposing a consecutive

sentence on the count charging criminal possession of a weapon in the second degree. Although defendant possessed the gun illegally, there is no evidence of his intent to use it unlawfully against another person until he removed it from his pocket and fired it toward the police officer (*see People v Holland*, 13 AD3d 1101 [2004]; *cf. People v Salcedo*, 92 NY2d 1019, 1021-1022 [1998]). Thus, we conclude that the offenses of attempted murder and criminal possession of a weapon in the second degree were committed through a single act and the court was therefore required to impose concurrent sentences (*see* Penal Law § 70.25 [2]; *People v Laureano*, 87 NY2d 640, 643 [1996]). Therefore, we modify the judgment by directing that the sentence imposed on count four of the indictment shall run concurrently with the sentence imposed on count one.

The sentence is not unduly harsh or severe. We have reviewed defendant's remaining contention and conclude that it is without merit. Present—Green, J.P., Scudder, Kehoe, Smith and Hayes, JJ.