■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL A. BENET, Appellant. [846 NYS2d 544]—

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered May 4, 2004. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal possession of a weapon in the second degree (Penal Law former § 265.03 [2]) and criminal possession of a weapon in the third degree (former § 265.02 [4]). The record does not support the contentions of defendant that it is unclear whether the jury convicted him of the crimes for which he was indicted and whether the jury's verdict was unanimous. Contrary to defendant's contention, the People did not present evidence of two separate acts of possession of a handgun. Rather, the People presented evidence that defendant pointed a loaded 10 millimeter handgun at the victim and that he threw the handgun upon his immediate flight from the police. The People thereby presented evidence of one continuing act of possession rather than two separate acts of possession. Furthermore, we note that the prosecutor obviated any potential for juror confusion with respect to the possibility of two separate acts of possession when he stated during his summation that the case involved "one incident" (see generally People v Hutchinson, 213 AD2d 1048, 1048-1049 [1995], lv denied 86 NY2d 736 [1995]).

We reject the further contention of defendant that County

Court erred in denying his challenge for cause to a prospective juror who admitted to using the word "Spic." When a prospective juror makes a statement revealing a bias that "raise[s] a serious doubt regarding [his or her] ability to be impartial," the prospective juror must be excused for cause unless he or she provides an unequivocal assurance that any bias can be set aside and that an impartial verdict can be rendered based solely on the evidence (*People v Chambers*, 97 NY2d 417, 419 [2002]). "[I]n considering whether a challenge for cause should have been granted, [the court] must look not to characterizations or snippets of the voir dire but to the full record of what the challenged [prospective] juror[ ]—sworn to speak truthfully—actually said" (*People v Johnson*, 94 NY2d 600, 615 [2000]). Here, the responses of the prospective juror as a whole, including his indication that he would find defendant not guilty prior to hearing the evidence, unequivocally demonstrated that he could set aside any bias and act as an impartial juror (*see Chambers*, 97 NY2d at 419).

We also reject defendant's contention that the court committed reversible error by refusing to conduct an inquiry of the jury at trial after a juror audibly sighed following defense counsel's motion for a mistrial during a police officer's testimony regarding a neck injury. Because the trial judge "ha[d] the benefit of his own observations," it was within his discretion to determine that it was unnecessary to conduct an inquiry of the jury to determine whether the audible sigh caused possible prejudice to defendant (*People v Garrow* [appeal No. 2], 233 AD2d 856, 856 [1996], *lv denied* 89 NY2d 985 [1997]) and, indeed, the trial judge instead immediately instructed the jury that jurors may not allow sympathy for the People's witnesses to interfere with their impartiality. In any event, even assuming, arguendo, that the juror sighed because he or she was irritated by the fact that defense counsel had moved for a mistrial, we conclude that a jury inquiry was not necessary because "a sworn juror should not be discharged merely because [he or] she is irritated with one of the attorneys" (*People v Buford*, 69 NY2d 290, 298-299 [1987]).

Finally, we reject defendant's contention that the verdict is against the weight of the evidence, particularly in view of the eyewitness testimony of two police officers (*see generally People v Romero*, 7 NY3d 633, 643-644 [2006]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Gorski, J.P., Smith, Centra, Lunn and Peradotto, JJ.