THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLEOTIS MERCER, Appellant. [887 NYS2d 384]—

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered March 23, 2005. The judgment convicted defendant, upon a jury verdict, of murder in the second degree (two counts), robbery in the first degree (two counts), robbery in the second degree and criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by directing that the sentence imposed on count four of the indictment shall run concurrently with the sentences imposed on counts two, three, five, six and seven of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of, inter alia, two counts of murder in the second degree (Penal Law § 125.25 [1], [3]). We reject defendant's contention that the People should have made the confidential informant available to defendant for questioning. The informant was not an agent of the government as a matter of law (see People v Cardona, 41 NY2d 333, 335 [1977]), and he was not acting as such during the commission of the crime or when he was incarcerated with defendant. County Court did not abuse its discretion in refusing to appoint a handwriting expert to examine the note that defendant allegedly wrote to the informant (see generally People v Olivares, 34 AD3d 602 [2006], lv denied 9 NY3d 879 [2007]). Contrary to defendant's further contention, the court properly submitted the annotated verdict sheet to the jury inasmuch as it had been provided to and expressly approved by defense counsel (see People v Angelo, 88 NY2d 217, 224 [1996]). We further conclude that the court did not abuse its discretion in removing defendant from the courtroom during the Huntley hearing. The record establishes that defendant continuously interrupted the court and that the court warned defendant that he would be removed from the courtroom if he continued to act in a disruptive manner (see CPL 260.20; People v Byrnes, 33 NY2d 343, 349-350 [1974]).

Further, defendant was not denied his constitutional right to represent himself. The transcript of the Huntley hearing establishes that, after a comprehensive inquiry, the court

granted defendant's repeated requests to proceed pro se. When defendant thereafter indicated that he wanted to testify at the *Huntley* hearing, the court directed him to take the witness stand. Defendant, however, unequivocally then stated at least four times that he wanted to be represented by defense counsel again, and the court granted his requests. The record thus establishes that defendant abandoned his requests at the *Huntley* hearing to proceed pro se (*see People v McClam*, 297 AD2d 514 [2002], *lv denied* 99 NY2d 537 [2002]). The court properly denied defendant's subsequent request to proceed pro se at trial. "The request was untimely and made at an advanced stage of the trial, and the defendant failed to set forth a compelling reason for the request" (*People v Venticinque*, 301 AD2d 619, 619-620 [2003], *lv denied* 100 NY2d 566 [2003]). We further conclude that defendant was not denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]).

We agree with defendant, however, that the court erred in directing that the sentence imposed on count four of the indictment, criminal possession of a weapon in the second degree (Penal Law § 265.03 [former (2)]), shall run consecutively with the sentences imposed on counts two, three, five, six and seven of the indictment. Here, "the weapon possession was not separate and distinct from the shooting[ ]" and consecutive sentences thus are prohibited (*People v Hamilton*, 4 NY3d 654, 659 [2005]; *see* Penal Law § 70.25 [2]; *People v Boyer*, 31 AD3d 1136, 1139 [2006], *lv denied* 7 NY3d 865 [2006]; *People v Rudolph*, 16 AD3d 1151, 1152-1153 [2005], *lv denied* 5 NY3d 809 [2005]). We therefore modify the judgment accordingly.

We have considered defendant's remaining contentions and conclude that none requires reversal. Present—Martoche, J.P., Smith, Peradotto, Carni and Green, JJ.