■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES A. PARKER, Appellant. [900 NYS2d 564]—

Appeal from a judgment of the Monroe County Court (Alex R.

Renzi, J.), rendered February 21, 2007. The judgment convicted defendant, upon a jury verdict, of assault in the first degree, criminal possession of a weapon in the second degree, assault in the second degree, reckless endangerment in the first degree and criminal possession of a weapon in the third degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by directing that the sentence imposed for criminal possession of a weapon in the second degree shall run concurrently with the sentence imposed for assault in the first degree and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, assault in the first degree (Penal Law § 120.10 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [1] [b]). We agree with defendant that the sentence imposed for criminal possession of a weapon in the second degree must run concurrently with the sentence imposed for assault in the first degree, and we therefore modify the judgment accordingly. "[T]here was no evidence of intent to intimidate the victim[s] separate from the intent to shoot [them]" (*People v Miles*, 288 AD2d 877, 877-878 [2001], *lv denied* 97 NY2d 758 [2002]; *see People v Holland*, 13 AD3d 1101 [2004], *lv denied* 4 NY3d 853 [2005]). Thus, " 'the weapon possession was not separate and distinct from the shooting[ ]' and consecutive sentences . . . are prohibited" (*People v Mercer*, 66 AD3d 1368, 1370 [2009], *lv denied* 13 NY3d 940 [2010]).

Defendant further contends that his conviction of criminal possession of a weapon in the second degree must be reversed because he may have been convicted of an unindicted offense (*see generally People v Benet*, 45 AD3d 1449, 1450 [2007], *lv denied* 10 NY3d 761 [2008]; *People v Watkins*, 300 AD2d 1070, 1070-1071 [2002], *lv denied* 99 NY2d 659 [2003]). We reject that contention. The People "presented evidence of one continuing act of possession rather than two separate acts of possession" (*Benet*, 45 AD3d at 1450). We note in addition that, during summation, the prosecutor "obviated any potential for juror confusion with respect to the possibility of two separate acts of possession" by specifying the moment when defendant committed the offense of criminal possession of a weapon in the second degree (*id.*). Present—Smith, J.P., Fahey, Carni, Sconiers and Pine, JJ.