OPINION OF THE COURT
Memorandum.
The order of the Appellate Division, insofar as appealed from, should be reversed and the case remitted for resentencing.
Defendant has been convicted, after trial, of robbery in the third degree, reckless endangerment in the second degree and criminal possession of a weapon in the third degree. The court sentenced him to consecutive 21/á-to-7-year terms of imprisonment on the robbery and weapons counts and a one-year term on the reckless endangerment count, the sentence to run concurrently with the others. The charges arose when a police officer responded to a call by a woman complaining that defendant was annoying her. The officer proceeded to the woman’s apartment and tried to remove defendant. When he did so, defendant and the officer engaged in a scuffle during which defendant succeeded in seizing the officer’s gun. Defendant waved the gun in the air for what witnesses described variously as two or four seconds and then either dropped it or placed it on the floor and fled.
Because the robbery and possession charges arise from the seizure of the gun, defendant claims that he should not have received consecutive sentences for the two offenses.
Section 70.25 (2) of the Penal Law provides that sentences must run concurrently when two or more offenses are committed through a single act or through an act which itself constituted one of the offenses and also was a material element of the other.
Under the facts of this case, the robbery and possession offenses were committed through the single act of seizing the gun. Thus, defendant was properly convicted of both robbery *981 and criminal possession of a weapon but the sentences for the two offenses must be concurrent under section 70.25 (2) of the Penal Law.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
Order, insofar as appealed from, reversed, etc.