■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY NEWSOME, Appellant.—Judgment unanimously modified on the law and as modified affirmed and matter remitted to Supreme Court for resentencing in accordance with the following Memorandum: Defendant appeals from a judgment convicting him of five counts of burglary in the first degree, one count of burglary in the third degree, four counts of assault in the second degree, and two counts of criminal mischief in the fourth degree. The conviction stems from four separate entries into an apartment at 16 Wadsworth Street in Rochester and physical attacks upon defendant's former girlfriend. The sentencing court imposed concurrent indeterminate terms of imprisonment on the five counts of burglary in the first degree and on the four counts of assault in the second degree, but directed that the terms imposed for all of the assault counts be consecutive to the terms imposed for all counts of burglary in the first degree.

The court erred by directing that the terms imposed on the assault counts be served consecutively to the terms on the five counts of burglary in the first degree. Penal Law § 70.25 (2) mandates that concurrent sentences be imposed where "two or more offenses [are] committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other". Defendant's infliction of physical injury during the course of a burglary is an element of burglary in the first degree (Penal Law § 140.30 [2]) as charged in count one, and constitutes assault in the second degree (Penal Law § 120.05

[6]) as charged in count eight; therefore the sentences on those offenses must be concurrent. Similarly, the sentences on counts two and seven must be concurrent *(see,* Penal Law § 140.30 [3]; § 120.05 [2]), and the sentences on the burglary counts arising from a single illegal entry must be concurrent *(see, People v Smiley,* 121 AD2d 274, *lv denied* 68 NY2d 817; *cf., People v Higgins,* 137 AD2d 620, *lv denied* 71 NY2d 897). Therefore, the sentences on counts one, two, three, seven and eight, arising out of a single incident on January 11, must be concurrent; the sentences on counts four and 10 must be concurrent; the sentences on counts five, nine and 12 must be concurrent; and the sentences on counts six and 11 must be concurrent.

Because the judgment imposing sentence was improperly calculated, we modify the judgment by vacating the sentence, and remit the matter to Supreme Court, Monroe County, for resentencing, noting only that any sentence to be imposed may not exceed the aggregate term of the initial sentence.

We reject defendant's contention that imposition of consecutive terms of imprisonment rendered the sentence harsh or excessive. Defendant's remaining contentions were not preserved for appellate review *(see,* CPL 470.05 [2]), and we decline to reach them in the interest of justice *(see,* CPL 470.15 [6]). (Appeal from Judgment of Supreme Court, Monroe County, Doyle, J.—Burglary, 1st Degree.) Present—Denman, P. J., Pine, Balio, Fallon and Doerr, JJ.