■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL CAMPOS, Appellant. [614 NYS2d 604] —Cardona, P. J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered May 18, 1993, convicting defendant upon his plea of guilty of the crimes of burglary in the second degree and assault in the second degree.

---

On March 7, 1993, defendant, armed with a knife, broke into the residence of Cathy Davis in the Village of Massena, St. Lawrence County. While in the dwelling, defendant used the knife to cause physical injury to Ricky White, who was not a participant in the burglary. Defendant was arrested, waived indictment and was charged in a superior court information with burglary in the first degree, a class B felony, and assault in the second degree, a class D felony. Following his arraignment, defendant entered guilty pleas to a reduced charge of burglary in the second degree, a class C felony, and assault in the second degree. There were no promises regarding the sentences he was to receive except that the prosecutor agreed not to seek persistent felony offender treatment. Defendant was sentenced as a second felony offender to two indeterminate terms of imprisonment of 4 to 8 years and 3 to 6 years on his convictions for burglary in the second degree and assault in the second degree, respectively, with the direction that the sentences run consecutively. Defendant appeals and argues that the consecutive sentences imposed were not authorized under Penal Law § 70.25 (2) because the assault was a material element of the burglary in the second degree conviction.

Penal Law § 70.25 (2) provides that concurrent sentences must be imposed "when two or more offenses are committed through a single act or through an act which itself constituted one of the offenses and also was a material element of the other" *(People v Sturkey,* 77 NY2d 979, 980). The People contend that defendant pleaded guilty to burglary in the second degree under subdivision (2) of Penal Law § 140.25 and correctly point out that physical injury is not a material element under that subdivision.[1] However, the record does not support the People's contention that defendant entered his guilty plea pursuant to subdivision (2). A review of the minutes of the plea, the sentencing minutes and the record of conviction show only that defendant entered a plea of guilty to an unspecified violation of burglary in the second degree as a class C felony. Significantly, defendant admitted, during his plea allocution that (1) at the time he entered the dwelling he had a knife in his possession and that he intended to threaten an occupant with the knife once he gained entry, and (2) once inside the dwelling he used the knife to cause physical injury to an occupant. Therefore, we assume for purposes of this

---

1. The only material element is that the building burglarized be a dwelling *(see,* Penal Law § 140.25 [2]).

appeal that defendant's guilty plea encompassed a violation of burglary in the second degree as defined in Penal Law § 140.25 (1) (b).

It has been held that "the commission of one offense is a material element of a second for restrictive sentencing purposes if, by comparative examination, the statutory definition of the second crime provides that the first crime is also a necessary component in the legislative classification and definitional sense" *(People v Day,* 73 NY2d 208, 211; *see, People v Catone,* 65 NY2d 1003, 1005). It should also be noted that "[r]eference to the fact-specific circumstances of the case to determine whether an element of one offense is a material element of a second offense is not the test for consecutive sentencing purposes" *(People v Abreu,* 184 AD2d 707, 714 [Eiber, J., concurring], *lv denied* 80 NY2d 972; *see, People v Day, supra).*

The core elements of the assault in the second degree charge of which defendant stands convicted are the intentional infliction of physical injury through the use of a deadly weapon or dangerous instrument.[2] The core elements of the offense of burglary in the second degree (Penal Law § 140.25 [1] [b]) are knowingly entering or remaining unlawfully in a building, with the intent to commit a crime and causing physical injury to a person not a participant in the crime during the course of the burglary. While the infliction of physical injury is an element of burglary in the second degree, the *intentional* assault of which defendant stands convicted is not by statutory definition a necessary component of burglary in the second degree. Therefore, we find that defendant's conviction for assault in the second degree was not a material element of the crime of burglary in the second degree.[3]

On the other hand, as the Court of Appeals noted in *People v Day (supra),* the inquiry under Penal Law § 70.25 (2) is two pronged, and the defendant must receive the benefit of concurrent sentences if either prong is satisfied *(see, People v Abreu, supra).* Under the relevant law and facts of this case as presented in defendant's plea allocution, we find that defendant committed the assault in the second degree and burglary in the second degree charges through the single act of injuring

2. Penal Law § 120.05 (2).

3. The result would be different if defendant had been convicted of assault in the second degree under the theory that he caused physical injury during the commission of the burglary *(see,* Penal Law § 120.05 [6]; *People v Newsome,* 190 AD2d 1002, *lv denied* 81 NY2d 974).

the complainant with the knife. "Inasmuch as the People are unable to point to any *testimony or evidence* which would support the view that the offenses of which the defendant stands convicted involved disparate or separate acts, the sentences must run concurrently (Penal Law, § 70.25, subd 2)" *(People v Underwood,* 52 NY2d 882, 883 [emphasis supplied]; *see, People v Sturkey,* 77 NY2d 979, *supra).* Accordingly, we modify defendant's judgment of conviction to reflect that the sentences imposed are to run concurrently with one another *(see, People v Hatch,* 105 AD2d 549).

We find no merit in defendant's remaining contention that his sentences were harsh and excessive given the nature of his crimes and his extensive criminal history. We also note that as a second felony offender, County Court could have imposed a significantly greater sentence of up to 7½ to 15 years *(see,* Penal Law § 70.06 [3] [c]; [4] [b]).

Crew III, Casey, Weiss and Peters, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as directed defendant to serve consecutive terms of imprisonment for the convictions of burglary in the second degree and assault in the second degree; said sentences are to run concurrent with one another; and, as so modified, affirmed.