OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 
 *1021
 
 Defendant was convicted of second degree murder and second and third degree criminal possession of a weapon for events leading up to, and concluding in, the shooting death of Ysidra Rosario, a former girlfriend. There was evidence adduced at trial that defendant became enraged because Rosario had recently ended their seven-year relationship. As Rosario was walking from church on a Manhattan street defendant stopped his vehicle nearby and demanded that she go with him to talk. When she refused and turned away, defendant grabbed a pistol concealed under a cloth in his vehicle and chased her down the street, hiding the weapon from her view by holding it close to his hip. Defendant caught Rosario just inside a grocery store and demanded that she come with him. When she refused and attempted to move away, defendant grabbed her by the arm and threatened her with the gun. As Rosario struggled to free herself, defendant fired a shot past her. Rosario again refused to go with defendant, broke away, and ran down an aisle. Defendant followed, still brandishing the weapon, and repeatedly asked her to leave with him. Finally, defendant cornered Rosario and shot her at point blank range, killing her.
 

 Defendant contends that the courts below erred in imposing consecutive sentences for the murder and second degree weapons possession charges. He argues that, from the moment he picked up the gun until the moment he murdered Rosario, his possession of the weapon was coterminous with the continuous and uninterrupted intent to kill her. Defendant further argues that his possession of the weapon with the intent to kill Rosario cannot be legally separated from the actual killing, and that the two crimes thus arise from the same “act” within the meaning of Penal Law § 70.25 (2). We agree with the lower courts and reject defendant’s contention.
 

 Penal Law § 70.25 (2) provides that concurrent sentences must be imposed “for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other.” Thus, where the crimes are committed through separate and distinct acts, even though part of a single transaction, consecutive sentences are possible regardless of whether the statutory elements of the offenses overlap
 
 (People v Ramirez,
 
 89 NY2d 444, 451).
 

 The mere fact that defendant’s possession of the weapon was continuous is not determinative under this Court’s precedents
 
 (see, People v Brown,
 
 80 NY2d 361;
 
 People v Okafore,
 
 72 NY2d 81). Here, as in
 
 Brown,
 
 “[t]he act of the possessory crime, though
 
 *1022
 
 continuing, is distinct for consecutive sentencing purposes from the discrete act of’ shooting the victim
 
 (People v Brown, supra,
 
 at 364). The People’s theory of the case, which is supported by the evidence, was that defendant initially possessed the weapon with the intent to force Rosario to leave with him. The crime of possessing the loaded gun with the intent to use it unlawfully against another
 
 (see,
 
 Penal Law § 265.03) was complete at that point.
 

 It was not until Rosario continuously and adamantly refused his repeated demands that defendant turned the gun directly against her and killed her. This act was accompanied by the specific intent to cause the death of the victim
 
 (see,
 
 Penal Law § 125.25 ); this “subsequently formed intent while possessing the weapon result in the commission of a second offense”
 
 (People v Okafore, supra,
 
 72 NY2d, at 83). We cannot say as a matter of law that the possession and actual use of the gun were so integrated that they constituted a single act for consecutive sentencing purposes
 
 (cf., People v Sturkey,
 
 77 NY2d 979).
 

 Defendant’s argument with respect to the propriety of the trial court’s “no inference” charge is not preserved for our review.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick and Wesley concur.
 

 Order affirmed in a memorandum.