◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD LEARY, Appellant. [756 NYS2d 205] —Judgment, Supreme Court, New York County (Rena Uviller, J.), rendered May 2, 1996, convicting defendant, after a jury trial, of attempted murder in the second degree (two counts), assault in the first degree (13 counts), assault in the second degree and criminal possession of a weapon in the third degree (two counts), and sentencing him to an aggregate term of 31⅓ to 94 years, unanimously affirmed.

The verdict with respect to each conviction was based on legally sufficient evidence and was not against the weight of the evidence. With respect to the attempted murder counts, the requirement of dangerous proximity to the intended crime (*see People v Mahboubian*, 74 NY2d 174, 191 [1989]) was satisfied by evidence warranting the conclusion that, in each instance, defendant entered a crowded subway car while carrying an incendiary device, constructed so as to be in imminent peril of exploding.

Defendant was not deprived of his right to effective counsel by an alleged conflict of interest, and the court's failure to conduct a *Gomberg* inquiry (*People v Gomberg*, 38 NY2d 307 [1975]) does not warrant reversal. Defendant has not demonstrated that a conflict of interest existed, or that such conflict in fact affected the conduct of the defense (*see Cuyler v Sullivan*, 446 US 335 [1980]). Although one of defendant's attorneys raised the possibility of a conflict involving himself and a potential witness, the record clearly establishes that this witness would have been unable or unlikely to provide any admissible testimony favorable to defendant, and that calling this witness would have been dangerous and unwise. While defendant's team of attorneys had considered calling this witness, there is no evidence that their sound strategic decision to refrain from doing so was a product of the alleged conflict.

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97

NY2d 203 [2002]; *People v Walker*, 83 NY2d 455, 458-459 [1994]). Although the immoral acts in question did not result in arrests or convictions, they were highly probative of defendant's credibility, and the prosecutor had a good faith factual basis for such inquiries (*see People v Sorge*, 301 NY 198 [1950]).

The prosecutor's summation remarks do not warrant reversal. The challenged remarks generally constituted fair comment on the evidence, and reasonable inferences to be drawn therefrom, made in response to defense arguments, and the summation did not deprive defendant of a fair trial (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]).

The court's imposition of consecutive sentences was proper since the crimes at issue involved separate acts (*see People v Salcedo*, 92 NY2d 1019 [1998]).

The remaining claims contained in defendant's main and pro se briefs and reply briefs, including all of his challenges to the court's charge, are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Tom, J.P., Saxe, Rosenberger, Lerner and Marlow, JJ.