[830 NE2d 306, 797 NYS2d 408]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABDEL HAMILTON, Appellant.

Argued April 26, 2005; decided June 7, 2005

**POINTS OF COUNSEL**

*Office of the Appellate Defender,* New York City (*Melissa Roth-stein* and *Richard M. Greenberg* of counsel), for appellant I. The imposition of a consecutive sentence for criminal possession of a weapon violated Penal Law § 70.25 and Abdel Hamilton's federal and state constitutional rights to due process and a trial by jury. (*Apprendi v New Jersey,* 530 US 466; *Ring v Arizona,* 536 US 584; *United States v White,* 240 F3d 127; *Garrett v United States,* 471 US 773; *People v Young,* 94 NY2d 171; *People v Page,* 88 NY2d 1; *People v Ahmed,* 66 NY2d 307; *People v Thomas,* 50 NY2d 467; *People v Patterson,* 39 NY2d 288, 432 US 197; *People v Parks,* 95 NY2d 811.) II. Abdel Hamilton's rights to due process and a fair trial were violated by the admission, individually and cumulatively, of uncharged bad act allegations that overwhelmed the trial. (*People v Ventimiglia,* 52 NY2d 350; *McKinney v Rees,* 993 F2d 1378; *Tucker v Makowski,* 883 F2d 877; *Michelson v United States,* 335 US 469; *People v Till,* 87 NY2d 835; *People v Hudy,* 73 NY2d 40; *People v Cintron,* 95 NY2d 329; *People v Bennett,* 79 NY2d 464; *People v Moses,* 63 NY2d 299; *People v Allweiss,* 48 NY2d 40.) III. Abdel Hamilton was denied his right to a fair trial when Michael Agola stated that Mr. Hamilton had a witness killed, and the court refused to charge the jury that Barrington Robinson's absence should not be considered against either party. (*People v Robinson,* 68 NY2d 541; *People v Cook,* 93 NY2d 840; *People v Till,* 87 NY2d 835; *People v Hudy,* 73 NY2d 40; *People v Thomas,* 51 NY2d 466; *People v Seabrooks,* 244 AD2d 514; *People v Foster,* 164 AD2d 894; *People v Williams,* 212 AD2d 388.) IV. The late disclosure, delayed hearing and midtrial decision regarding the admissibil-

ity of papers seized from Dwayne Darby violated Abdel Hamilton's rights to due process and a fair trial. (*People v Copicotto,* 50 NY2d 222; *People v Dennis,* 265 AD2d 271; *People v Ventimiglia,* 52 NY2d 350; *People v Cintron,* 95 NY2d 329; *People v Bennett,* 79 NY2d 464; *People v Moses,* 63 NY2d 299.)

*Robert T. Johnson, District Attorney,* Bronx (*Yael V. Levy, Joseph N. Ferdenzi* and *Nancy D. Killian* of counsel), for respondent. I. Defendant's guilt was proven beyond a reasonable doubt by overwhelming evidence. II. The court properly imposed a consecutive sentence for the weapon possession conviction after it found that that crime was separate and distinct from the shooting crimes, and it was not required to submit that question to the jury. (*Apprendi v New Jersey,* 530 US 466; *People ex rel. Maurer v Jackson,* 2 NY2d 259; *People v Rosen,* 96 NY2d 329; *United States v Cotton,* 535 US 625; *People v Casey,* 95 NY2d 354; *Jones v United States,* 526 US 227; *McMillan v Pennsylvania,* 477 US 79; *Almendarez-Torres v United States,* 523 US 224; *United States v Gaudin,* 515 US 506; *In re Winship,* 397 US 358.) III. The court properly admitted the Dwayne Darby documents and evidence of defendant's gang affiliation into evidence; the timing of the documents' disclosure and of the court's determination that they were admissible was appropriate. (*People v Molineux,* 168 NY 264; *People v Ventimiglia,* 52 NY2d 350; *Matter of Holtzman v Hellenbrand,* 92 AD2d 405; *People v Espinal,* 174 AD2d 500, 79 NY2d 826; *People v Lynes,* 49 NY2d 286; *People v Dunbar Contr. Co.,* 215 NY 416; *People v Gruttola,* 43 NY2d 116; *People v Jean-Louis,* 272 AD2d 626, 95 NY2d 890; *People v Thomas,* 272 AD2d 892, 95 NY2d 858.) V. The trial court properly (1) admitted into evidence Michael Agola's testimony that defendant admitted killing a witness, and (2) declined to instruct the jury not to draw an inference adverse to defendant from Barrington Robinson's absence. (*People v Narayan,* 54 NY2d 106; *People v Iannelli,* 69 NY2d 684; *People v Bryant,* 280 AD2d 403, 96 NY2d 826; *People v Tucker,* 55 NY2d 1; *People v MacDonald,* 89 NY2d 908; *People v Yazum,* 13 NY2d 302; *People v Iannone,* 2 AD3d 1283, 2 NY3d 741; *People v Rosario,* 309 AD2d 537, 1 NY3d 579; *People v Carroll,* 95 NY2d 375; *People v Aska,* 91 NY2d 979.)

### OPINION OF THE COURT

ROSENBLATT, J.

Concluding that he shot two people, killing one of them, a Supreme Court jury found defendant guilty of manslaughter in

the first degree (Penal Law § 125.20 [1]), assault in the first degree (Penal Law § 120.10 [3]), criminal possession of a weapon in the second degree (Penal Law § 265.03), and reckless endangerment in the first degree (Penal Law § 120.25). We hold that the trial court violated Penal Law § 70.25 (2) when it imposed defendant's weapon possession sentence to run consecutively with his sentences for manslaughter and assault.

The People's evidence came largely from Anthony Smith, Anthony Bunch and Albert Hale. They testified that while on a Bronx street, they encountered Hubert Roberts. At the time, defendant was peeking out of the doorway of a building in which defendant's cousin, Rondell Purnell, lived. When Roberts said he was about to leave, defendant went inside the building and immediately emerged with a gun in his hand. He approached Roberts and, after a verbal dispute, shot him in the head, killing him. Defendant then shot Anthony Smith in the back, as Smith was running away. As for motive, the People introduced proof that defendant was enraged over the disappearance of a gun from Purnell's residence, and that he shot Roberts and Smith, mistakenly believing they stole the weapon.

The court sentenced defendant to consecutive prison terms of 12½ to 25 years for manslaughter for killing Roberts and 7½ to 15 years for assault for having shot and injured Smith, to run concurrently with a 2⅓ to 7 year sentence for reckless endangerment. Pertinent to this appeal, the court also imposed a 7½ to 15 year sentence for weapon possession to run consecutively with the manslaughter and assault sentences. Defendant acknowledges that the court had the authority to sentence him consecutively for the Roberts manslaughter and the Smith assault. He contends, however, that by running the weapon sentence consecutively to the others, the court violated Penal Law § 70.25 (2). The Appellate Division affirmed defendant's conviction and a Judge of this Court granted defendant leave to appeal. We agree with defendant's contention and therefore modify the Appellate Division order and remit the case to Supreme Court for resentencing.

Penal Law § 70.25 governs the imposition of concurrent and consecutive sentences. Pursuant to subdivision (2),

> "[w]hen more than one sentence of imprisonment is imposed on a person for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of

the offenses and also was a material element of the other, the sentences . . . must run concurrently."

Under either of those circumstances, the court has no discretion; concurrent sentences are mandated (*see People v Ramírez*, 89 NY2d 444 [1996]; *see generally* William Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law § 70.25, at 241-242).

Here, the jury found defendant guilty of second-degree weapon possession for having possessed a pistol "with intent to use [it] unlawfully against another." There is no doubt as to who the other person or persons were.

According to the other counts of the indictment and the proof at trial, defendant used a pistol—the only one involved in this case—to shoot Roberts and Smith. There is no allegation that the weapon count referred to a different pistol or a different event and the prosecution does not contend otherwise.[1] The weapon count thus overlapped with the manslaughter and assault counts, and there was no proof of a separate intent to use the gun unlawfully.

Defendant correctly argues that, to be sentenced consecutively on the weapon charge, it would have been necessary for the People to establish that he possessed the pistol with a purpose unrelated to his intent to shoot Roberts and Smith. *People v Parks* (95 NY2d 811 [2000]) and *People v Sturkey* (77 NY2d 979 [1991]) support defendant's argument.

In *Parks*, defendant was indicted on several counts of murder and robbery, along with other related crimes. The felony murder count charged Parks with having killed one of the victims in the course and furtherance of a robbery. He was also charged with robbing other victims at the scene. The indictment, however, did not identify which robbery served as the predicate for felony murder, nor did the court in its instructions to the jury. Because it was impossible to tell which robbery was "separate and distinct" from the felony murder, we held that the court improperly sentenced defendant to consecutive sentences on two of the robbery counts.

The same issue arose in *Sturkey*. There, the defendant was convicted of robbery, reckless endangerment and criminal pos-

---

1. Defendant has argued that, to the extent the trial court found a different purpose for defendant's weapon possession, such a finding would violate *Apprendi v New Jersey* (530 US 466 [2000]). Given our holding that no evidence at all suggests an independent purpose for the weapon, we need not reach the *Apprendi* issue.

session of a weapon in the third degree, arising out of a scuffle with a police officer. During the encounter, Sturkey seized the officer's gun. We held that the robbery and gun possession were part of the same act of seizing the gun from the officer. Under those circumstances, consecutive sentences for robbery and weapon possession were impermissible under Penal Law § 70.25 (2). The same holds true here.[2] Because the weapon possession was not separate and distinct from the shootings, the statute prohibits consecutive sentences.

We have considered defendant's other contentions by which he seeks a reversal and a new trial and find them without merit. Accordingly, the order of the Appellate Division should be modified by vacating the sentence imposed on defendant's conviction for criminal possession of a weapon in the second degree and remitting to Supreme Court for resentencing, and, as so modified, affirmed.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, GRAFFEO, READ and R.S. SMITH concur.

Order modified, etc.

---

2. In addition to our holdings in *Parks* and *Sturkey*, courts in New York have applied this rule consistently (*see e.g. People v Washington*, 9 AD3d 499 [3d Dept 2004] [holding that consecutive sentences for weapon possession and murder were prohibited where the People did not allege at trial that defendant possessed the gun for any purpose other than the murder]; *People v Reyes*, 239 AD2d 524 [2d Dept 1997]; *People v Terry*, 104 AD2d 572 [2d Dept 1984]; *People v Rudolph*, 16 AD3d 1151 [4th Dept 2005]).