■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERALDO MORA, Also Known as GERALDO MORA and HERBERT MORA, Appellant. [843 NYS2d 311]—

Order, Supreme Court, New York County (Carol Berkman, J.), entered on or about March 10, 2003, which denied defendant's CPL 440.10 motion seeking to vacate the judgment of the same court and Justice, rendered July 15, 1997, convicting defendant, after a jury trial, of attempted murder in the second degree and criminal use of a firearm in the first degree, and sentencing him, as a second felony offender, to concurrent terms of 20 years, unanimously affirmed.

Although defendant demonstrated the existence of a potential conflict of interest, he did not show "that the conduct of his defense was in fact affected by the operation of the conflict of interest, or that the conflict operated on the representation" (*People v Harris*, 99 NY2d 202, 210 [2002] [internal quotation marks and citations omitted]). At the time of defendant's trial, his attorney was also representing both defendant and his brother in a Queens County case that was related to the instant case. The actions of counsel challenged by defendant on appeal constituted reasonable strategic decisions that did not prejudice defendant or deprive him of a fair trial (*see People v Jordan*, 83 NY2d 785, 787 [1994]). Defendant claims that his trial counsel should have specifically argued to the jury that defendant's brother was the actual assailant. However, counsel's affirmation in connection with the CPL 440.10 motion established that he had legitimate strategic concerns, grounded in the evidence, for not expressly making that argument, and that counsel was not seeking to shield another client (*see e.g. People v Leary*, 303 AD2d 256 [2003], *lv denied* 100 NY2d 622 [2003], *cert denied* 544 US 1052 [2005]). Concur—Nardelli, J.P., Gonzalez, Sweeny, McGuire and Kavanagh, JJ.