Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered August 3, 2007. The judgment convicted defendant, upon his plea of guilty, of vehicular assault in the second degree (two counts) and driving while intoxicated.
It is hereby ordered that the judgment so appealed from is modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Onondaga County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of two counts of vehicular assault in the second degree (Penal Law § 120.03 *1120 [1]) and one count of driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), and sentencing him to two one-year concurrent definite terms for vehicular assault, and a one-year definite term for driving while intoxicated, to be served consecutively. As defendant correctly contends, the offense of driving while intoxicated is a material element of the offense of vehicular assault in the second degree and thus the sentence is illegal insofar as County Court imposed consecutive sentences (see Penal Law § 70.25 [2]; see generally People v Hamilton, 4 NY3d 654 [2005]; People v Laureano, 87 NY2d 640, 643 [1996]). We therefore modify the judgment by vacating the sentence. Inasmuch as defendant’s sentence was imposed pursuant to a plea agreement, we remit the matter to County Court to resentence defendant or to “entertain a motion by the People, should the People be so disposed, to vacate the plea and set aside the conviction in its entirety” (People v Irwin, 166 AD2d 924, 925 [1990], citing People v Farrar, 52 NY2d 302, 307-308 [1981]).
All concur except Centra and Gorski, JJ., who dissent in part in accordance with the following memorandum.