Judgments, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered February 28, 2007, convicting defendant Luis Black, after a jury trial, of robbery in the first and second degrees, attempted robbery in the second degree and criminal possession of a weapon in the second and third degrees, and sentencing him, as a second violent felony offender, to an aggregate term of 35 years, and convicting defendant William Butts, after a jury trial, of robbery in the first degree (two counts), robbery in the second degree (four counts), attempted robbery in the second degree and criminal possession of a weapon in the second and third degrees, and sentencing him to an aggregate term of 35 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of directing that, as to each defendant, all sentences be served concurrently, resulting in new aggregate terms of 25 years, and otherwise affirmed.
We reject defendant Black’s arguments concerning the weight and sufficiency of the evidence supporting his conviction (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury’s determinations concerning identification. A victim made a reliable lineup identification, and her inability to identify Black at trial was satisfactorily explained.
The court properly denied defendant Butts’s suppression motion. Neither of the lineups at issue was unduly suggestive, since in each lineup the participants were reasonably similar to defendant in appearance, and any differences, when viewed in light of the descriptions given by the witnesses, did not create a substantial likelihood that defendant would be singled out for *513 identification (see People v Chipp, 75 NY2d 327, 336 [1990], cert denied 498 US 833 [1990]; People v Santiago, 2 AD3d 263, 264 [2003], lv denied 2 NY3d 765 [2004]).
Butts’s claim that certain testimony violated the hearsay rule and the Confrontation Clause is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits.
We reject Black’s claim that the court unlawfully imposed consecutive sentences for robbery and weapon possession. The evidence established that Black, while acting in concert with other persons, possessed the weapon at a time other than during the robbery, and with a separate intent to use it unlawfully against other potential victims (see People v Salcedo, 92 NY2d 1019 [1998]; People v Sell, 283 AD2d 920, 922 [2001], lv denied 96 NY2d 867 [2001]; compare People v Hamilton, 4 NY3d 654 [2005]).
We decline to invoke our interest of justice jurisdiction to dismiss the noninclusory concurrent count of third-degree weapon possession (see People v Spence, 290 AD2d 223 [2002], lv denied 98 NY2d 641 [2002]; People v Kulakov, 278 AD2d 519 [2000], lv denied 96 NY2d 785 [2001]).
We find the sentences excessive to the extent indicated. Concur—Gonzalez, P.J., Friedman, Moskowitz, Renwick and DeGrasse, JJ.