[971 NE2d 358, 948 NYS2d 228]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEDAR-
RIUS WRIGHT, Appellant.

Argued May 1, 2012; decided June 5, 2012

360

## POINTS OF COUNSEL

*Center for Appellate Litigation,* New York City (*Barbara Zolot* and *Robert S. Dean* of counsel), for appellant. I. Because the People's theory of the case and the trial evidence established that appellant's purpose in possessing the weapon was to commit the interrelated, ensuing substantive offense, the offenses of second degree weapon possession and first degree murder were committed through the single act of the shooting, requiring the imposition of concurrent sentences under Penal Law § 70.25 (2). (*People v Brown,* 80 NY2d 361; *People v Hamilton,* 4 NY3d 654; *People v Sturkey,* 77 NY2d 979; *People v Walsh,* 44 NY2d 631; *People v Salcedo,* 92 NY2d 1019; *People v Frazier,* 16 NY3d 36; *People v McKnight,* 16 NY3d 43; *People v Battles,* 16 NY3d 54; *People v Okafore,* 72 NY2d 81; *People v Laureano,* 87

NY2d 640.) II. Appellant was denied his due process right to a fair trial by the prosecutor's summation, in which the prosecutor denigrated defense counsel and appellant's defense and inflamed the jury. (*People v Bailey*, 58 NY2d 272; *People v Zimmer*, 51 NY2d 390; *People v Ashwal*, 39 NY2d 105; *People v Gordon*, 50 AD3d 821; *People v Pagan*, 2 AD3d 879; *People v LaPorte*, 306 AD2d 93; *People v Jackson*, 143 AD2d 363; *People v Ortiz*, 125 AD2d 502; *People v Burnside*, 52 AD2d 626; *People v Bhupsingh*, 297 AD2d 386.)

*Cyrus R. Vance, Jr., District Attorney*, New York City (*Christopher P. Marinelli* and *Eleanor J. Ostrow* of counsel), for respondent. I. Defendant's consecutive sentences are legal. (*Blockburger v United States*, 284 US 299; *People v Day*, 73 NY2d 208; *People v Laureano*, 87 NY2d 640; *People v McKnight*, 16 NY3d 43; *People v Taveras*, 12 NY3d 21; *People v Battles*, 16 NY3d 54; *People v Frazier*, 16 NY3d 36; *People v Ramirez*, 89 NY2d 444; *People v Parks*, 95 NY2d 811; *People v Arroyo*, 93 NY2d 990.) II. The People's summation was a fair response to the defense. (*People v Balls*, 69 NY2d 641; *People v Starks*, 70 AD3d 585; *People v Colon*, 46 AD3d 260; *People v Riback*, 57 AD3d 1209, 13 NY3d 416; *People v Galloway*, 54 NY2d 396; *People v Marks*, 6 NY2d 67; *People v Halm*, 81 NY2d 819; *People v Crimmins*, 36 NY2d 230; *People v Love*, 57 NY2d 998; *People v Davis*, 58 NY2d 1102.)

### OPINION OF THE COURT

Ciparick, J.

The question presented is whether Penal Law § 70.25 (2) precludes the imposition of consecutive sentences for defendant's convictions of murder in the first degree and criminal possession of a weapon in the second degree. We hold that under the circumstances presented here, because the offense of possessing a gun with unlawful intent was only completed upon defendant's commission of the ensuing substantive crime of shooting the victims, consecutive sentencing is prohibited.

In the early morning hours of September 5, 2005 on West 133rd Street in Manhattan, after a night of escalating altercations between two groups—one including defendant Ledarrius Wright and the other including Doneil Ambrister and Yvette Duncan—defendant pulled out a gun and shot Ambrister and Duncan. Both victims were killed. Several eyewitnesses named defendant as the assailant and, after nearly two years in hiding, defendant was apprehended in 2007.

A New York County grand jury charged defendant with two counts of murder in the first degree (Penal Law § 125.27 [1] [a] [viii]), two counts of murder in the second degree (Penal Law § 125.25 [1]) and one count each of criminal possession of a weapon in the second degree (Penal Law § 265.03 [2]) and criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]). Supreme Court dismissed the latter charge. Along with the charge of second degree criminal possession of a weapon, the court submitted the murder one counts to the jury with the murder two counts in the alternative. As relevant to the weapon possession charge, the prosecutor argued in summation: "[Defendant] should be convicted [of second degree criminal possession of a weapon] because he had a loaded and operable gun that he fired at others . . . There's no doubt about his intent since he actually did use the gun unlawfully against two others."

The jury convicted defendant of one count of first degree murder for the intentional killing of Ambrister, accompanied by the killing of Duncan with the intent to cause her serious injury or death, and second degree criminal possession of a weapon.* It acquitted defendant of the other charges based on the intentional killing of Duncan. Supreme Court sentenced defendant to consecutive prison terms of 25 years to life for first degree murder and 15 years for possession of a weapon, for an aggregate term of 40 years to life. The court's theory for imposing consecutive sentences was that defendant's "intention to possess the weapon to bring out on the street to use it both against Doneil Ambrister and also against Yvette Duncan is separate and distinct from the intentional killing of Doneil Ambrister."

Defendant appealed, arguing that the court erred in imposing consecutive sentences because the charge of possession of a weapon was not unrelated to the killings and "the People did not allege or prove that defendant possessed a gun with a separate intent to use it unlawfully against another."

---

\* Murder in the first degree is committed when
"[w]ith intent to cause the death of another person, [the defendant] causes the death of such person or of a third person . . . and . . . as part of the same criminal transaction, the defendant, with intent to cause serious physical injury to or the death of an additional person or persons, causes the death of an additional person or persons" (Penal Law § 125.27 [1] [a] [viii]).
Criminal possession of a weapon in the second degree is committed when a person "possesses a loaded firearm" "with intent to use the same unlawfully against another" (Penal Law § 265.03 [1] [b]).

The Appellate Division, with one Justice dissenting, affirmed the sentence (*People v Wright*, 87 AD3d 229 [1st Dept 2011]). The majority held that "[b]ecause there is no overlap of statutory elements in the crimes committed by the defendant, the imposition of consecutive sentences was lawful" (*id.* at 230). The court impugned defendant's reliance on our decision in *People v Hamilton* (4 NY3d 654 [2005]), which held that consecutive sentencing on a second degree weapon possession charge required proof of an intent unrelated to the intent to shoot the victims (*see id.* at 658), asserting that our more recent decisions such as *People v McKnight* (16 NY3d 43 [2010]) and *People v Frazier* (16 NY3d 36 [2010]) were a "sub silentio rejection" of that case (*Wright*, 87 AD3d at 232).

Declaring *Hamilton* "indistinguishable and dispositive of the sentencing issue" (*id.* at 235), however, the dissenting Justice would have modified Supreme Court's order to the extent of ordering that the sentences run concurrently. The dissent opined that "[i]n the absence of proof of a distinct intent to use the gun unlawfully [apart from the shootings], the weapon count overlapped the charges arising out of the shooting of the two victims" (*id.* at 236). The dissenting Justice granted defendant leave to appeal (2011 NY Slip Op 78815[U] [2011]), and we now modify to direct that the sentences run concurrently.

Under Penal Law § 70.25 (2), a court must impose concurrent sentences "for two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other." "Thus, sentences imposed for two or more offenses may not run consecutively: (1) where a single act constitutes two offenses, or (2) where a single act constitutes one of the offenses and a material element of the other" (*People v Laureano*, 87 NY2d 640, 643 [1996]). "The defendant benefits if either prong is present, and the prosecution's burden is to countermand both prongs" (*People v Day*, 73 NY2d 208, 211 [1989]).

An analysis of whether concurrent sentences are required begins with an examination of "the statutory definitions of the crimes for which defendant has been convicted" (*Laureano*, 87 NY2d at 643). In *Laureano*, we explained:

> "Because both prongs of Penal Law § 70.25 (2) refer to the 'act or omission,' that is, the '*actus reus*' that constitutes the offense, the court must determine whether the *actus reus* element is, by definition, the

same for both offenses (under the first prong of the statute), or if the *actus reus* for one offense is, by definition, a material element of the second offense (under the second prong). If it is neither, then the People have satisfied their obligation of showing that concurrent sentences are not required. If the statutory elements do overlap under either prong of the statute, the People may yet establish the legality of consecutive sentencing by showing that the 'acts or omissions' committed by defendant were separate and distinct acts'' (*id.* at 643 [citations omitted]).

In *People v McKnight* (16 NY3d 43 [2010]), we applied the *Laureano* framework to assess the legality of consecutive sentencing in the context of an attempted crime. The defendant and another gunman had fired a total of 10 shots at two victims—Smith and Lingard—with two bullets striking and killing Smith (*see id.* at 45). Lingard was shot three times but survived (*see id.*). The defendant, convicted of first degree murder and second degree attempted murder, was sentenced respectively to consecutive terms of 25 years to life and 20 years with five years postrelease supervision (*see id.* at 46). In upholding defendant's consecutive sentences, we explained that

> "[t]he actus reus of the murder of Smith was the firing of the two shots that caused the death of a third person [i.e., Smith]; and the actus reus of the attempted murder of Lingard was the firing of the eight other shots, which either hit no one or hit Lingard" (*id.* at 48 [internal brackets, quotation marks and ellipsis omitted]).

We reasoned that

> "[a]ll 10 shots were discharged with the intent to cause Lingard's death, but ' "[t]he test is not whether the criminal intent is one and the same and inspiring the whole transaction, but whether separate acts have been committed with the requisite criminal intent." ' Thus, the actus reus of Smith's murder is not the same as the actus reus underlying Lingard's attempted murder under the first prong; and, under the second prong, the actus reus of Smith's murder is not a material element of the actus reus of Lingard's attempted murder because more than the two shots that struck Smith

were fired at Lingard" (*id.* at 49, quoting *People v Frazier*, 16 NY3d 36, 41 [2010]).

Similarly, in *Frazier*, decided the same day as *McKnight*, we found it within the sentencing court's discretion to impose consecutive sentences for the defendant's burglary and grand larceny convictions because the two "statutes do not contain the same actus reus" (16 NY3d at 41). As the "crimes at issue [were] separate offenses that were committed through separate acts," and neither offense was "a material element of the other," we concluded that concurrent sentencing was not required (*id.*). Neither *McKnight* nor *Frazier* constituted a "sub silentio rejection" of *Hamilton*, as stated by the majority below (*Wright*, 87 AD3d at 232), as neither case involved the propriety of consecutive sentencing where one of the crimes is a weapon possession offense.

In our case law addressing the propriety of consecutive sentencing in the context of weapon possession offenses we have employed a different framework that appropriately reflects the heightened level of integration between the possession and the ensuing substantive crime for which the weapon was used (*see Hamilton*, 4 NY3d at 658-659; *People v Salcedo*, 92 NY2d 1019, 1021-1022 [1998]; *see also People v Brown*, 80 NY2d 361, 364-365 [1992] [discussing "precedents dealing with weapons possession and interrelated, ensuing substantive crimes," where we have applied a "narrow rationale and statutory interpretation" to preclude consecutive sentencing]). In such cases, to determine whether a single act constituted both offenses under prong one of Penal Law § 70.25 (2), we have looked to when the crime of possession—necessarily encompassing both actus reus and mens rea elements—was completed (*see Salcedo*, 92 NY2d at 1022). Only where the act of possession is accomplished before the commission of the ensuing crime and with a mental state that both satisfies the statutory mens rea element and is discrete from that of the underlying crime may consecutive sentences be imposed (*see id.*; *see also Hamilton*, 4 NY3d at 658).

In *Salcedo*, for example, we upheld the defendant's consecutive sentences for murder and second degree weapon possession, concluding that the "act of the possessory crime, though continuing, [was] distinct for consecutive sentencing purposes from the discrete act of shooting the victim" (*id.* at 1021-1022 [internal quotation marks omitted]). We observed that "[t]he People's theory of the case, which [was] supported by the evidence, was that [the] defendant initially possessed the weapon

with the intent to force [the victim] to leave with him," thereby completing the crime of second degree weapon possession. However, "[i]t was not until [the victim] continuously and adamantly refused [the defendant's] repeated demands that [the] defendant turned the gun directly against her and killed her[,]" an "act . . . accompanied by the specific intent to cause [her] death" (*id.* at 1022). Under those circumstances, "[w]e [could not] say as a matter of law that the possession and actual use of the gun were so integrated that they constituted a single act for consecutive sentencing purposes" (*id.*).

Conversely, in *Hamilton,* we vacated the defendant's consecutive sentences for his convictions of manslaughter and second degree weapon possession, finding that the People failed "to establish that he possessed the pistol with a purpose unrelated to his intent to shoot" the victims (4 NY3d at 658). As there was "no allegation that the weapon count referred to a different pistol or a different event . . . [t]he weapon count thus overlapped with the manslaughter and assault counts, and there was no proof of a separate intent to use the gun unlawfully" (*id.*).

The Appellate Division majority suggested that *Hamilton* is inconsistent with the rule established by *Laureano* and other cases to the effect that the availability of consecutive sentencing is determined by examining whether the crimes involved a single act (or '*actus reus*') rather than a single intent (*see Wright,* 87 AD3d at 231-232). But this overlooks the special problems presented when Penal Law § 70.25 (2) is applied to possessory offenses. The 'act' of possession is, by its nature, continuous; it may go on for hours or days. To decide when one act of possession ends and another begins, in applying a statute that prohibits possession with a particular intent, we look to the point at which the relevant intent changes. Thus in applying such a statute it is necessary to consider intent in order to identify the act or acts that constitute the crime. *Hamilton* is therefore correct and, as found by the dissent below, "on all fours" with the instant case (*id.* at 236).

Here, defendant was convicted of second degree weapon possession and first degree murder. The majority below determined that "[t]he criminal weapon-possession offense is a possessory act, the actus reus of which is complete once the defendant has 'dominion and control of a weapon' " (*id.* at 235). However, "unlike the third degree possession statute . . . which defines the crime solely in terms of dominion and control, the

statute defining second degree possession contains a specific intent element as well" (*People v Okafore*, 72 NY2d 81, 87 [1988]), to wit, that the defendant possessed a weapon with the intent to use it unlawfully against another person (*see* Penal Law § 265.03). At trial the People theorized that defendant possessed the gun with unlawful intent, because he "actually did use the gun unlawfully against two others" by shooting Ambrister and Duncan. As in *Hamilton*, the People neither alleged nor proved that defendant's possession was marked by an unlawful intent separate and distinct from his intent to shoot the victims. Under the facts presented here, because the crime of second degree weapon possession was completed only upon the shootings, Supreme Court erred in imposing consecutive sentences.

We have considered plaintiff's alternative argument regarding the prosecutor's remarks during summation and find it to be without merit.

Accordingly, the order of the Appellate Division should be modified such that defendant's sentences run concurrently and, as so modified, affirmed.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order modified, etc.