■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK MICHAEL, Appellant. [987 NYS2d 623]—

Appeal by the defendant, by permission, from an order of the Supreme Court, Queens County (McGann, J.), dated January 26, 2012, which denied his motion pursuant to CPL 440.20, in effect, to set aside a sentence of the same court (Hanophy, J.), imposed September 30, 2008, upon his conviction of criminal possession of a weapon in the second degree and manslaughter in the first degree (two counts).

Ordered that the order is reversed, on the law, the motion is granted, and the matter is remitted to the Supreme Court, Queens County, for resentencing in accordance herewith.

The defendant pleaded guilty to two counts of manslaughter in the first degree and one count of criminal possession of a

weapon in the second degree, admitting that, on June 6, 1995, he shot two victims to death with a pistol, with the intent to cause them serious bodily injury, and that, on the same date, he knowingly and unlawfully possessed a loaded firearm with the intent to use it unlawfully against another. As the People correctly concede, because there was no allegation or proof that the defendant's possession of a weapon was marked by an unlawful intent separate and distinct from his intent to shoot the victims, the Supreme Court erred in directing that the term of imprisonment imposed upon the conviction of criminal possession of a weapon in the second degree was to run consecutively to the terms of imprisonment imposed on the convictions of manslaughter in the first degree (*see* Penal Law § 70.25 [2]; *People v Wright*, 19 NY3d 359, 367 [2012]; *People v Hamilton*, 4 NY3d 654, 658 [2005]).

Accordingly, the Supreme Court should have granted the defendant's motion pursuant to CPL 440.20, in effect, to set aside the sentence. We thus remit the matter to the Supreme Court, Queens County, to resentence the defendant so that the term of imprisonment imposed upon his conviction of criminal possession of a weapon in the second degree shall run concurrently with the terms of imprisonment imposed upon his convictions of manslaughter in the first degree. Skelos, J.P., Lott, Roman and LaSalle, JJ., concur.