■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR MURILLO, Appellant. [39 NYS3d 792]—

Judgment, Supreme Court, New York County (Charles H. Solomon, J.), rendered March 12, 2013, convicting defendant, upon his plea of guilty, of manslaughter in the first degree and criminal possession of a weapon in the second degree, and sentencing him to consecutive terms of 25 years and 5 years, respectively, unanimously modified, on the law, to the extent of directing that the sentences run concurrently, and otherwise affirmed.

The consecutive sentences violated Penal Law § 70.25 (2), which, as pertinent here, requires concurrent sentences "for two or more offenses committed through a single act or omis-

sion." The People bear the burden of demonstrating that a defendant is not entitled to concurrent sentencing under that section (*People v Wright*, 19 NY3d 359, 363 [2012]). That burden was not met here because the plea allocution, on which the People rely, fails to demonstrate that defendant had an intent to use the weapon unlawfully that was separate and distinct from his intent to shoot the victim (*see id.* at 367). Contrary to the People's argument, the allocution does not establish an intent to use the weapon in the commission of a burglary.

Unlike defendant's challenge to the legality of his sentence, his excessive sentence claim is foreclosed by his valid waiver of the right to appeal. Regardless of whether defendant made a valid waiver of his right to appeal, we perceive no basis for reducing the sentence. Concur—Friedman, J.P., Renwick, Feinman, Gische and Kapnick, JJ.