People v Devorce (2019 NY Slip Op 08859)





People v Devorce


2019 NY Slip Op 08859


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
BETSY BARROS, JJ.


2018-06060
 (Ind. No. 97-00765)

[*1]The People of the State of New York, respondent,
v
Lamont Devorce, appellant.


Clare J. Degnan, White Plains, NY (David B. Weisfuse of counsel), for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Christine DiSalvo, Steven A. Bender, and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a resentence of the Supreme Court, Westchester County (Barry E. Warhit, J.), imposed April 18, 2018, upon his conviction of robbery in the first degree (12 counts), attempted robbery in the first degree (2 counts), assault in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, the resentence being an indeterminate term of imprisonment of 7½ to 15 years upon his conviction of criminal possession of a weapon in the second degree, to run consecutively to the terms of imprisonment imposed upon his convictions of the other crimes.
ORDERED that the resentence is modified, on the law, by providing that the term of imprisonment imposed upon the conviction of criminal possession of a weapon in the second degree is to run concurrently with the terms of imprisonment imposed upon the convictions of the other crimes; as so modified, the resentence is affirmed.
The People concede that the resentence should be modified so that the sentence imposed upon the conviction of criminal possession of a weapon in the second degree runs concurrently with the terms of imprisonment imposed upon the convictions of the other crimes. The People's theory from the outset of the prosecution was that the defendant possessed a gun with the intent to unlawfully use it during the course of a robbery. The People never alleged or proved that the defendant had an unlawful intent separate and distinct from his intent to commit the robbery. Therefore, a consecutive sentence was not permissible (see People v Wright, 19 NY3d 359, 365; People v Hamilton, 4 NY3d 654, 658; People v Salcedo, 92 NY2d 1019, 1021-1022).
The defendant's contention regarding the underlying conviction of assault in the first degree is not properly before this Court on appeal from the resentence. The defendant had an opportunity to raise this issue on his appeal from the judgment of conviction (see People v Curtis, 119 AD3d 705; People v Ennis, 119 AD2d 689). The appeal from the resentence is considered an appeal from a sentence, not from the judgment of conviction (see CPL 450.30[3]; People v Golb, 126 AD3d 401).
CHAMBERS, J.P., AUSTIN, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court