People v Long (2021 NY Slip Op 02414)





People v Long


2021 NY Slip Op 02414


Decided on April 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-06810 
2017-06811

[*1]The People of the State of New York, respondent,
v
Rayshawn Long, appellant. (Ind. Nos. 7805/16, 7827/16)


Janet E. Sabel, New York, NY (Simon Greenberg of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Camille O'Hara Gillespie of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from (1) a judgment of the Supreme Court, Kings County (Elizabeth Foley, J.), rendered May 24, 2017, convicting him of attempted sexual abuse in the first degree (two counts), robbery in the third degree, and criminal possession of a weapon in the third degree under Indictment No. 7805/16, upon his plea of guilty, and sentencing him to determinate terms of imprisonment of 4 years, to be followed by 15 years of postrelease supervision on each conviction of attempted sexual abuse in the first degree, an indeterminate term of 3 to 6 years of imprisonment on his conviction of robbery in the third degree, and an indeterminate term of 2 to 4 years of imprisonment on his conviction of criminal possession of a weapon in the third degree, with the sentences to run consecutively to each other, and (2) a judgment of the same court, also rendered May 24, 2017, convicting him of failure to register or verify as a sex offender under Indictment No. 7827/16, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment rendered under Indictment No. 7805/16 is modified, on the law, by providing that the sentence imposed on the conviction of criminal possession of a weapon in the third degree shall run concurrently with the sentences imposed on the convictions of attempted sexual abuse in the first degree (two counts) and robbery in the third degree; as so modified, the judgment rendered under Indictment No. 7805/16 is affirmed; and it is further,
ORDERED that the judgment rendered under Indictment No. 7827/16 is affirmed.
As the People correctly concede, with regard to the judgment rendered under Indictment No. 7805/16, the sentence imposed on the conviction of criminal possession of a weapon in the third degree should not run consecutively with the sentences imposed on the convictions of attempted sexual abuse in the first degree (two counts) and robbery in the third degree. The People bear the burden of establishing the legality of consecutive sentences (see People v Laureano, 87 NY2d 640, 643). Here, it was not established that the defendant's possession of a weapon with an intent to use it unlawfully was separate and distinct from his intent to use that weapon to commit attempted sexual abuse in the first degree (two counts) and robbery in the third degree (see Penal Law § 70.25[2]; People v Wright, 19 NY3d 359, 365; People v Hamilton, 4 NY3d 654, 658; see generally People v Laureano, 87 NY2d at 643). Accordingly, the sentence imposed on the [*2]defendant's conviction of criminal possession of a weapon in the third degree should run concurrently with the sentences imposed on the convictions of attempted sexual abuse in the first degree (two counts) and robbery in the third degree.
As so modified, the sentences imposed under both Indictment No. 7805/16 and Indictment No. 7827/16 were not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., HINDS-RADIX, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court