People v Smith (2024 NY Slip Op 02620)

People v Smith

2024 NY Slip Op 02620

Decided on May 10, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, BANNISTER, GREENWOOD, AND NOWAK, JJ.

167 KA 21-00682

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
HILLARD SMITH, ALSO KNOWN AS MARK SMITH, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN HUTCHISON OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. MCHALE OF COUNSEL), FOR RESPONDENT. 

 Appeal from a resentence of the Supreme Court, Erie County (M. William Boller, A.J.), rendered November 9, 2020. Defendant was resentenced upon a conviction of manslaughter in the first degree, burglary in the first degree, menacing in the second degree (two counts), criminal possession of a weapon in the third degree (two counts), and criminal contempt in the first degree (two counts). 
It is hereby ORDERED that the resentence so appealed from is unanimously modified on the law by directing that the sentence imposed on count 10 of the indictment shall run concurrently with the sentence imposed on count 9 of the indictment, and as modified the resentence is affirmed.
Memorandum: Defendant was convicted upon a jury verdict of numerous offenses arising out of conduct that occurred on four separate dates, including two counts of manslaughter in the first degree (Penal Law § 125.20 [1]) and two counts each of criminal possession of a weapon in the third degree (§ 265.02 [1]) and criminal contempt in the first degree (§ 215.51 [b] [i]). Supreme Court subsequently resentenced defendant as a second violent felony offender. On defendant's appeal from the judgment of conviction, this Court modified the judgment by reversing it in part and dismissing two counts of the indictment, including one of the counts that resulted in a manslaughter conviction (People v Smith [appeal No. 1], 186 AD3d 1106 [4th Dept 2020]). On defendant's appeal from the resentence, this Court reversed the resentence, concluding that his prior conviction under North Carolina law did not constitute a predicate violent felony conviction, and remitted the matter for resentencing on the remaining counts (People v Smith [appeal No. 2], 186 AD3d 1106 [4th Dept 2020]). Defendant now appeals from that resentence.
As defendant contends and the People correctly concede, the court erred in directing that the sentence imposed for criminal contempt in the first degree under count 10 of the indictment run consecutively to the sentence imposed for criminal possession of a weapon in the third degree under count 9 of the indictment inasmuch as "the crime of [third] degree weapon possession was completed only upon the [violation of the order of protection]" at issue in the criminal contempt charge (People v Wright, 19 NY3d 359, 367 [2012]; see generally People v Laureano, 87 NY2d 640, 643 [1996]; People v Day, 73 NY2d 208, 210-211 [1989]). We therefore modify the resentence accordingly.
Defendant further contends that the resentence should be reduced in the interest of justice for various reasons, including the fact that this Court dismissed two of the 10 counts for which he was convicted and concluded that the court erred in determining that he was a second violent felony offender. We reject that contention. Although defendant received largely the same aggregate sentence following remittal, the resentence changed the indeterminate terms of [*2]incarceration imposed on counts 6, 7, 9, and 10 in accordance with this Court's determination that defendant was not a second violent felony offender. Although the resentencing court did not alter the sentence imposed on the remaining manslaughter conviction, we note that the sentence on that count represents the same maximum sentence that could have been imposed on anyone committing that crime, regardless of that person's predicate status. We also reject defendant's contention that the resentence is unduly harsh and severe. Defendant unlawfully entered a dwelling and stabbed the unarmed victim 12 times with a knife. In addition, he has numerous prior convictions, and the current conviction covers four separate and distinct offenses. Further, this Court's determination to dismiss the manslaughter conviction under count 2 of the indictment was not based on a determination that defendant was any less culpable, but rather was based on the fact that count 2 of the indictment, which charged defendant with murder in the second degree (Penal Law § 125.25 [1]) is a lesser included offense of murder in the first degree (§ 125.27 [1] [a] [vii]; [b]), the offense charged in count 1 of the indictment, and thus should have been considered only in the alternative (see Smith [appeal No. 1], 186 AD3d at 1108-1109). Inasmuch as defendant originally received concurrent sentences for those counts, we decline to conclude that the court's determination to impose the same sentence on count 1 is unduly harsh and severe.
Finally, we reject defendant's contention that he was denied effective assistance of counsel at the resentencing. Viewing the evidence, the law, and the circumstances of this resentencing, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (see People v Baldi, 54 NY2d 137, 147 [1981]).
Entered: May 10, 2024
Ann Dillon Flynn
Clerk of the Court